**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-10838

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DEREK DIXON,

a.k.a. Eric,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:05-cr-80107-DPG-1

_____

Before ROSENBAUM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Derek Dixon appeals the district court's denial of his 18
U.S.C. § 3582(c)(2) motion for a sentence reduction based on

Amendment 821 to the U.S. Sentencing Guidelines. The government has moved for summary affirmance, arguing that the court properly exercised its discretion to deny a reduction. Because the government's position is clearly right as a matter of law and there is no substantial question as to the outcome of the case, we grant the government's motion and affirm the denial of Dixon's § 3582(c)(2) motion.

## I.

In 2007, Dixon pled guilty under a written plea agreement to two counts of carjacking and one count of possession of a firearm by a convicted felon. The government agreed to dismiss the remaining nine counts. The parties jointly recommended the maximum possible prison sentence of 480 months. Dixon agreed that 480 months was a "reasonable sentence based on the factors listed in [18 U.S.C. §] 3553(a)."

Undisputed facts in Dixon's presentence investigation report ("PSR") show that, over several months in 2004, Dixon participated in a violent crime spree involving carjackings, robberies, homicides, and unlawful possession of firearms and ammunition. Over a few months, when he was nineteen years old, Dixon committed two armed carjackings, pistol-whipping victims both times, and killed four people in two separate drive-by shootings, among other conduct. At the time of these offenses, Dixon was on probation for shooting at three victims in a moving vehicle.

The PSR recommended a total offense level of 40 and a criminal-history category of III, which yielded a guideline range of 360

months to life.  The statutory maximums reduced the top of the guideline range to 480 months.

The district court imposed the maximum possible sentence of 480 months of imprisonment.  Given the extremely "serious" and "violent" nature of the offenses, the court found that a sentence at the high end of the guideline range was appropriate.  It appears Dixon did not file a direct appeal.  As for Dixon's motion to vacate his sentence under 28 U.S.C. § 2255, the court dismissed it as time barred.  Then, in 2021, the district court denied Dixon's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

In 2024, Dixon filed the instant *pro se* motion for a reduction in his sentence under § 3582(c)(2), based on Amendment 821. When Dixon was sentenced, two "status points" were added to his criminal-history score because he committed the offenses of conviction while on probation.  Amendment 821, in relevant part, reduced or eliminated such "status points," and this change was made retroactive.  *See* U.S.S.G. § 4A1.1(e) (2024); *id.* § 1B1.10(d). Under the amended guideline, no additional status points are added if a defendant has fewer than seven criminal-history points. *See id.* § 4A1.1(e).

The government and the probation office agreed that Amendment 821 had the effect of reducing Dixon's criminal-history score by two points, dropping him down to criminal-history category II, for a reduced guideline range of 324 to 405 months.

Dixon argued that the 18 U.S.C. § 3553(a) sentencing factors, including his young age at the time of the offenses and his significant post-sentence rehabilitation, supported a reduction. In support, Dixon attached prison records showing a low recidivism score and various programs he completed, as well as letters of support from several individuals. The government opposed any reduction.

In November 2024, the district court found that Dixon was eligible for a sentence reduction under § 3582(c)(2) but that the § 3553(a) factors "weigh[ed] against granting that relief." The court explained that it had reviewed the "entire record," including Dixon's letters of support, his "age at the time of the offenses, and his commendable attempt at rehabilitation." But "after considering [Dixon's] violent underlying criminal conduct and his prior conviction for a violent crime," the court concluded that the § 3553(a) factors did not support a reduction in his sentence. The court noted that the parties jointly recommended the 480-month sentence in exchange for the government's dismissal of nine other charged counts.

Dixon moved for reconsideration. He argued that the parties' joint sentencing recommendation was not relevant because it was based on an incorrect guideline range. The court denied the motion. It again found that "the § 3553(a) factors did not support a sentence reduction based on his violent criminal conduct in this case and his criminal history." Dixon now appeals. The government has moved for summary affirmance.

**II.**

Summary disposition is appropriate where, among other circumstances, "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]

If § 3582(c)(2) authorizes a sentence reduction, as it does here, we review the district court's decision to grant or deny a sentence reduction only for an abuse of discretion. *United States v. Caraballo-Martinez*, 866 F.3d 1233, 1238 (11th Cir. 2017). An abuse of discretion occurs if the court "applies an incorrect legal standard, follows improper procedures in making the determination, or makes findings of fact that are clearly erroneous." *United States v. Jordan*, 582 F.3d 1239, 1249 (11th Cir. 2009). In the context of sentencing, a court can abuse its discretion if it (1) fails to consider relevant factors that were due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing the proper factors unreasonably. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc).

Section 3582(c)(2) permits the district court to reduce a defendant's sentence when his guideline range "has been subsequently lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The court should engage in a two-step process when

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), we adopted as binding precedent all decisions of the former Fifth Circuit handed down before the close of business on September 30, 1981.

evaluating motions under § 3582(c)(2). *United States v. Williams*, 557 F.3d 1254, 1256 (11th Cir. 2009).

First, the district court recalculates the amended guideline range that would have applied had the retroactive guideline amendment been in effect at sentencing. *Id.* Then, "the court must consider the sentencing factors listed in 18 U.S.C. § 3553(a), as well as public safety considerations, and may consider the defendant's post-sentencing conduct, in evaluating whether a reduction in the defendant's sentence is warranted and the extent of any such reduction." *Id.* The court is "not required to articulate the applicability of each factor," and "its decision whether to reduce the defendant's sentence, and to what extent, remains discretionary." *Id.* at 1256–57.

Here, we grant the government's motion for summary affirmance because its position is clearly correct and there is no substantial question as to the outcome of the case. *See Groendyke Transp.*, 406 F.2d at 1162.

While relatively brief, the district court's explanation was more than adequate to allow for meaningful review. *See United States v. Johnson*, 877 F.3d 993, 997 (11th Cir. 2017) ("A court must explain its sentencing decisions adequately enough to allow for meaningful appellate review."). The court expressly considered Dixon's grounds for requesting a sentence reduction, including his young age at the time of the offenses, his commendable rehabilitation efforts, and his letters of support. But the court found that the

§ 3553(a) factors did not support a reduction given the violent underlying criminal conduct and his prior conviction for a violent crime. The court also noted that the parties had jointly recommended the 480-month sentence in the plea agreement in exchange for dismissal of the remaining counts.

The district court did not give an improper or irrelevant factor significant weight or commit a clear error of judgment. *See Irey*, 612 F.3d at 1189. Nothing in the record suggests that the court believed Dixon was ineligible based on the plea agreement's joint sentence recommendation of 480 months. Although the applicable guideline range has changed since the plea agreement, Dixon fails to support his claim that the joint recommendation was an irrelevant or improper factor for the court to consider when deciding to exercise its discretion under § 3582(c)(2). Nor does the record show that the court gave "significant weight" to that factor. Rather, after Dixon objected to the court's consideration of the joint sentencing recommendation, the court made clear its view that a reduction was not warranted "based on [Dixon's] violent underlying criminal conduct and his prior conviction for a violent crime."

Even if we might have weighed the factors differently had it been our call to make, that's not enough to show that the district court abused its discretion. *United States v. Harris*, 989 F.3d 908, 912 (11th Cir. 2021) (abuse-of-discretion review "means that the district court had a 'range of choice' and that we cannot reverse just because we might have come to a different conclusion had it been our call to make"). The court was entitled to weigh the violent

nature of Dixon's past criminal conduct more heavily, and to conclude that no reduction was warranted despite his young age at the time of the offense and his commendable post-sentence rehabilitation efforts. *See Williams*, 557 F.3d at 1256.

Lastly, the district court did not abuse its discretion in declining to appoint counsel upon Dixon's request before denying relief. There is no constitutional or statutory right to counsel in a § 3582(c)(2) proceeding. *United States v. Webb*, 565 F.3d 789, 794–95 (11th Cir. 2009). Further, Dixon's motion lacked sufficiently complex factual or legal issues that would warrant the appointment of counsel. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993) ("Where the facts and issues are simple, he or she usually will not need such help.").

For these reasons, we summarily affirm the district court's denial of Dixon's § 3582(c)(2) motion.

**AFFIRMED.**